**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| 4SIGHT SUPPLY CHAIN GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RICHETTE GULITUS,<br><br>Defendant. | Civil Action No. 23-1687 (MEF)<br><br><br><br>REPORT AND RECOMMENDATION |

**JESSICA S. ALLEN, U.S.M.J.**

    **THIS MATTER** comes before the Court upon Plaintiff 4Sight Supply Chain Group, LLC's motion to remand. (ECF No. 6). Defendant Richette Gulitus opposes the motion. (ECF No. 11). The Honorable Michael E. Farbiarz, U.S.D.J., referred the motion to the Undersigned for a Report and Recommendation. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. Having considered the submissions, and for the reasons that follow, this Court respectfully recommends that the motion to remand be **GRANTED**.

**I.     RELEVANT BACKGROUND**

    Defendant is the former employee of Plaintiff. On or about February 23, 2023, Plaintiff filed this breach of contract action in the Superior Court of New Jersey, Chancery Division, Passaic County, against Defendant. Plaintiff alleges that in consideration of Defendant's employment, on or about July 7, 2019, she entered into a Confidentiality, Restrictive Covenants and Assignment of Invention Agreement ("Agreement") with Plaintiff, which restricted her post-employment competitive conduct. (*See* Compl. at ¶¶ 4 & 14, ECF No. 1-2). The Agreement contains a

restrictive covenant on Defendant's future employment and a non-solicitation of customers provision. (*Id.* at ¶¶ 17 & 18 on page 5).[1] Plaintiff alleges that Defendant breached her post-employment restrictive covenants following her voluntary resignation from her senior associate position. (*Id.* at ¶¶ 1, 9). Specifically, Defendant's current employment with Mercury Marine, one of Plaintiff's clients, allegedly violates the terms of the Agreement because she is performing essentially the same services for Mercury as she previously performed for Plaintiff. (*Id.* at ¶ 22 on page 5). Plaintiff also alleges that it made significant investments in Defendant by giving her opportunities to work on specific customer projects to ensure that she would gain necessary experience and by giving her access to Plaintiff's confidential and proprietary information. (*Id.* at ¶¶ 11-13). Plaintiff continues that the purpose of the Agreement's post-employment restrictions was to protect Plaintiff's confidential and proprietary information and the goodwill Plaintiff has developed in the marketplace with its customers and software partners. (*Id.* at ¶ 16).

The Complaint seeks injunctive relief, compensatory damages, attorney's fees, and costs. (*Id.* at ¶ 23 on page 5 and ¶ 32 on page 6). In particular, Plaintiff seeks injunctive relief restraining Defendant from allegedly breaching her post-employment restrictions, pursuant to paragraph 11 of the Agreement. (*Id.* at page 7; ¶ 11 of Agreement attached as Ex. A).

On March 24, 2023, Defendant removed the civil action to this Court, pursuant to 28 U.S.C. § 1441. (ECF No. 1). In her Notice of Removal, Defendant asserted that there is complete diversity between Plaintiff, a citizen of New Jersey, and Defendant, a citizen of Pennsylvania, and that Plaintiff's damages sought in the Complaint "can reasonably be determined to be in excess of $75,000." (*Id.* at ¶¶ 3-5; ECF No. 1-2 at ¶¶ 2-3).

---

[1] Beginning with paragraph 16 on page five of the Complaint, the paragraphs are misnumbered. To avoid any confusion, the Court will use, for example, the following citation format, "¶ 16 on page 5."

On March 31, 2023, Defendant moved to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) grounds. (ECF No. 4). On April 3, 2023, Plaintiff moved to remand this case. (ECF No. 6). Plaintiff argues that Defendant cannot prove, to a legal certainty, that the amount in controversy exceeds $75,000. (ECF No. 7 at 1-3). And in any event, Plaintiff's post-removal stipulation clarifies that the amount in controversy does not exceed $70,000, and thus the total damages sought in the Complaint are below the jurisdictional threshold. (*Id.* at 2-3).

In opposition, Defendant advances five primary arguments. First, in her Notice of Removal, Defendant properly alleged that the amount in controversy has been satisfied, which is all that is required by the preponderance of the evidence standard. (ECF No. 11 at 3, 5). Second, since Plaintiff has challenged removal, it – rather than Defendant – bears the burden to show, to a legal certainty, that it cannot recover more than $75,000. (*Id.* at 5). Third, whether this Court "places the preponderance of the evidence burden" on her or the legal certainty burden on Plaintiff, remand is improper because Plaintiff's post-removal stipulation is an impermissible attempt to amend the Complaint. (*Id.* at 5-7). And in any event, Plaintiff's post-removal stipulation, even if properly considered, alone is insufficient to establish the amount in controversy requirement. (*Id.* at 9-10). Fourth, the compensatory damages sought by Plaintiff exceed $75,000 as measured by Defendant's $121,000 annual base salary while employed with Plaintiff. (*Id.* at 9-10). Finally, the injunctive relief sought is more than $75,000 based not only on Defendant's prior salary but on Plaintiff's investments in Defendant and her access to Plaintiff's proprietary and confidential information. (Id. at 9-11).

On reply, Plaintiff reiterates her prior arguments and adds that Defendant's salary is not the value of the injunctive relief that Plaintiff seeks. (ECF No. 12 at 3). Rather, the value is measured from the plaintiff's perspective. (*Id.* at 3-4). Plaintiff submits that its investments in

3

Defendant and its "losses" resulting from Defendant's subsequent employment with Mercury Marine - one of Plaintiff's clients - that comprise the value of the compensatory damages and the injunctive relief sought in the Complaint. (*Id.* at 4-5).

## II.   ANALYSIS

A defendant may remove a civil action filed in state court to a district court having original jurisdiction over the action. 28 U.S.C. § 1441(a). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citation omitted); *see Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014) (citation omitted). That same party bears "the burden of demonstrating that removal[] was proper." *Sandoval v. LifeCell Corp.*, Civ. No. 21-17705, 2021 U.S. Dist. LEXIS 250607, *4 (D.N.J. Dec. 3, 2021), *Report and Recommendation adopted by* 2022 U.S. Dist. LEXIS 7519 (D.N.J. Jan. 14, 2022). "'[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Wilkins v. Navy Fed. Credit Union*, 2023 U.S. Dist. LEXIS 8491, at *11 (D.N.J. Jan. 28, 2023) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014)). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citing *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

Here, Defendant invokes the District Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). "Diversity exists when there is 'complete diversity' of the parties and the amount in controversy exceeds $75,000." *Jager v. Fleet Mgmt. Rd. Serv.*, 2021 U.S. Dist. LEXIS 204324, at * 6 (D.N.J. Oct. 22, 2021) (citing 28 U.S.C. § 1332(a)). The parties do not dispute that they are

citizens of different states, and thus there is complete diversity of citizenship. Plaintiff is a New Jersey limited liability company, and Defendant is a citizen of Pennsylvania. (ECF No. 1 at ¶¶ 3-4; ECF No. 1-2 at ¶¶ 2-3). As previously noted, the parties dispute whether the amount-in-controversy requirement is satisfied. In doing so, the parties disagree over who bears the burden of proof and whether the preponderance of the evidence standard or the legal certainty test applies to this amount in controversy jurisdictional dispute.

This Court's review of the judicial landscape reveals that based on the Supreme Court's decision in *Dart*, some courts in this District have called into question the appropriateness of applying the legal certainty test rather than the preponderance of the evidence standard in ascertaining the amount in controversy. *See Bosco v. Compass Grp. United States, Inc.* 2023 U.S. Dist. LEXIS 168082 at *12-13 (D.N.J. Sep. 21, 2023) (collecting cases). In contrast, earlier this year, District Judge Wigenton in *Wilkins* noted that the legal certainty test remains intact following *Dart*. *Wilkins*, 2023 U.S. Dist. LEXIS 8491, at *11-13. Judge Wigenton explained the following three jurisdictional tests:

> The first test ('*McNutt* preponderance test') applies to cases in which a party challenges the facts underlying the notice of removal of the party asserting jurisdiction. *Judon*, 773 F.3d at 503. If the party challenging removal disputes 'in any appropriate manner' the jurisdictional facts underlying the removing party's notice of removal, 'the party alleging jurisdiction [must] justify his allegations by a preponderance of the evidence.' *Id.* at 501.
>
> The second test ('*Red Cab* legal certainty test') applies in cases 'where the jurisdictional facts are not contested and the amount in controversy is 'determined in whole or in part' by applicable law.' *Id.* at 505…. [I]mportantly, the *Red Cab* legal certainty test 'does not require the removing defendant to prove to a legal certainty the plaintiff can recover [the amount in controversy]. *Id*…. [I]nstead, under the [*Red Cab* legal certainty test], 'the *challenger* to subject matter jurisdiction [must] prove, to a legal certainty, that the amount in controversy *could not exceed* the jurisdictional threshold.' *Id.*
>
> The third test ('*Morgan* legal certainty test') … 'where a plaintiff expressly limits the amount in controversy below' … the jurisdictional threshold, … a removing

>Defendant[] bear[s] the burden to prove to a legal certainty that the complaint exceeds the statutory amount in controversy requirement.' *Id.* at 504 at n.8.

*Id.* at 12-14 (internal citations and quotations omitted).

This disagreement among courts is of no consequence in this case because here the jurisdictional facts are in dispute, and thus it is Defendant's burden to prove, by a preponderance of the evidence, that the amount in controversy satisfies the jurisdictional threshold. Preponderance of the evidence means "proof to a reasonable possibility that jurisdiction exists." *Frederico v. Home Depot*, 507 F.3d 188, 195 n.6 (3d Cir. 2007) (quotation omitted).

In determining the amount in controversy, courts generally begin by reviewing the face of the complaint and accepting the plaintiff's good faith allegations. *Douglas v. Jones*, 656 Fed. App'x 602, 603 (3d Cir. 2016). The Complaint here seeks injunctive relief as well as unspecified compensatory damages, attorney's fees, and costs. (Compl., 2 at ¶ 23 on page 5 and ¶ 32 on page 6; ECF No. 1-2). Plaintiff specifically seeks injunctive relief restraining Defendant from allegedly breaching her post-employment restrictions, pursuant to the Agreement. (*Id.* at page 7; ¶ 11 of Agreement attached as Ex. A). In describing its damages in its Complaint, Plaintiff stated "Gulitus is violating her non-compete obligations to 4SIGHT, damaging 4SIGHT, and causing 4SIGHT irreparable harm that cannot be cured by monetary relief alone." (ECF No. 1-2 at ¶ 29 on page 6). Plaintiff further stated it is "entitled to injunctive relief and compensatory damages in an amount to be proven at the trial of this action, as well as its attorneys' fees and the costs incurred in pursuing this action." (*Id.* at ¶ 29).

Defendant is correct that the Court may consider her Notice of Removal to determine the amount in controversy. *See Wilkins*, 2023 U.S. Dist. LEXIS 8491, at *11; *La Stella v. Acquion, Inc.*, 2020 U.S. Dist. LEXIS 2422609 at *11 (D.N.J. Dec. 28, 2020) (citing *Frederico*, 507 F.3d at

197-98) (other citations omitted). Defendant's Notice of Removal generally alleged that the "damages sought in the Complaint can reasonably be determined to" exceed $75,000. (ECF No. 1 at ¶ 4). Plaintiff challenges Defendant's jurisdictional assertion and further challenges the jurisdictional facts included in Defendant's brief and declaration submitted in opposition to remand. Accordingly, as the jurisdictional facts are disputed, it is Defendant's burden, as the party asserting jurisdiction, to establish that the amount in controversy exceeds $75,000. *See Dart*, 574 U.S. at 87; *see also Wilkins*, 2023 U.S. Dist. LEXIS 8491, at *11-12; *Dragoo v. Quest Diagnostics Inc.*, 2019 U.S. Dist. LEXIS 251878, at *6 (D.N.J. Nov. 26, 2019).

In her opposition brief, Defendant argues the compensatory damages and injunctive relief exceed $75,000 based on the value of Defendant's former salary while employed by Plaintiff. Defendant further contends that the injunctive relief sought also includes the value of Plaintiff's alleged investments in Defendant and permission given to access Plaintiff's confidential and proprietary information.[2] (ECF No. 11 at 8 10-13). In opposition to remand, Defendant provided a declaration, stating that her salary was $121,000. (Gulitus Decl. at ¶ 4; ECF No. 11-1), and thus argues the statutory threshold has been met by a preponderance of the evidence. Defendant argues alternatively that Plaintiff has failed to show, to a legal certainty, that it cannot recover more than $75,000. (ECF No. 11 at 6-13).

As Plaintiff correctly points out, Defendant's salary cannot be included in determining the amount in controversy. First, where injunctive relief is sought, the amount in controversy is determined by "the value of the object in the litigation." *Columbia Gas Trans. Corp.*, 62 F.3d at 541. "'[T]he longstanding rule in this circuit is that, for purposes of determining the amount in controversy, the value of equitable relief must be determined from the viewpoint of the plaintiff

---

[2] To be clear, Defendant did not include these jurisdictional allegations in her Notice of Removal.

7

rather than the defendant.'" *Schuylkill Tp. v. CitySwitch, LLC,* 2009 WL 2018531, at *4 (E.D. Pa. Jul. 13, 2009) (quoting *In re Corestates Trust Fee Litig.*, 39 F.3d 61, 65 (3d Cir. 1994)). *See Leonard Parnes Trucking Corp. v. Ominpoint Communications,* 2013 WL 6002900, at *6 (D.N.J. Nov. 12, 2013).

Here, the value of Defendant's salary is not what is at issue because the salary is not what Plaintiff seeks in its Complaint for Defendant's alleged breach of the Agreement's restrictive covenants. Rather, as alleged in Plaintiff's Complaint and reiterated in support of remand, the amount in controversy is the value of Plaintiff's alleged investments in Defendant during her employment and the alleged losses that resulted from Defendant's subsequent employment with Plaintiff's client. (ECF No. 12 at 4). Thus, as Plaintiff's viewpoint is determinative, Defendant's former salary "cannot be included in the estimation." *Randstad Techs., LLC v. Robles*, 2020 U.S. Dist. LEXIS 267886, at *5 (N.D. Ga. Oct. 14, 2020).

The *Shukla* case on which Defendant relies does not compel a different result. The plaintiff, in *Shukla*, brought suit against the defendant, its former employee. The plaintiff sought compensatory damages, punitive damages, attorney's fees, and injunctive relief, seeking to enforce a non-compete agreement. *Cygate Software & Consulting, LLC v. Shukla*, 2006 WL 6275210 (D.N.J. Dec. 21, 2006). The court noted that punitive damages will generally satisfy the amount in controversy requirement, "absent proof to a legal certainty that the value of punitive damages sought is below the statutory minimum." *Id.* at 7. The court considered punitive damages in finding the amount in controversy was satisfied. *Id.* In contrast, Plaintiff here does not seek punitive damages. Although the court in *Shukla* found that the value of the plaintiff's injunctive relief was based on the defendant's annual salary since the plaintiff sought to restrict the defendant from working for one of its customers or competitors for 12 months, this Court respectfully

disagrees that the defendant's salary is the appropriate metric. It is true that Plaintiff seeks to enforce the Agreement, which includes restraining Defendant from working for Plaintiff's client for a period of time. However, when viewed from Plaintiff's prospective, which this Court must, the value of the Agreement is measured by estimating Plaintiff's alleged damages and losses.

Absent Defendant's salary, both parties rely on the value of the alleged "significant investments," (ECF No. 1-2 at ¶ 11), that Plaintiff made in Defendant. Defendant also points to the Complaint's allegation that Defendant was given access to Plaintiff's "'confidential and proprietary information . . . regarding its business practices, strategic plans, customer lists, employee recruitment plans, and the Company's financial performance.'" (ECF No. 11 at 8 (quoting ECF No. 1-2 at ¶ 12)). Plaintiff does not expressly dispute this jurisdictional fact. Rather, Plaintiff focuses instead on losses it sustained based on having "'provided services for customers with which Gilitus worked at significantly reduced rates[,]' and because Gilitus 'accepted a position with Mercury [Marine] performing essentially the same role and services for Mercury as she previously performed while an employee" of Plaintiff. (ECF No. 12 at 4 (quoting ECF No. 1-2 at ¶¶ 11, 28 )). The problem with both parties' respective positions on losses is that Plaintiff's Complaint gives only a general description of its damages. The Court finds that these purported losses are "'too speculative and immeasurable to satisfy the amount in controversy requirement.'" *Randstad Techs, LLC,* 2020 U.S. Dist. LEXIS 267886, at 4 (internal citations omitted).

Equally problematic is neither side has provided the Court with any objective evidence in the form of an estimation or valuation either establishing or refuting the amount of the alleged damages or losses. *See Dragoo*, 2109 U.S. Dist. LEXIS 251878 at * 12 (internal citations omitted). The parties do not submit any estimation of the value of the client business Defendant was responsible for while employed by Plaintiff. There is no reference, let alone estimation, of lost

9

profits, business, or revenue all of which can be proper considerations when assessing the value of the injunctive relief sought.  *See Randstad Techs, LLC,* 2020 U.S. Dist. LEXIS 267886, at 6-7; *PC Connection, Inc. v. Price*, 2015 U.S. Dist. LEXIS 147764, at *5-6 (D.N.H. Oct. 29, 2015).  But any such estimations cannot be speculative.  *Id.* at 7 and n.3  (finding that "Defendant's estimation of the value of the declaratory and injunctive relief to Plaintiff is too speculative and too temporarily remote from the time of removal.") (citing cases); *Padilla v. Amazon.com.DEDC, LLC*, No. 19-210, 2019 WL 13270773, at *2 (M.D. Fla. Mar. 20, 2019) (finding that the defendant's "estimates are speculative. Compensatory damages are 'extremely nebulous' and making a 'general blanket statement that, if Plaintiff prevails, compensatory damages could entitle him to thousands of dollars,' does not meet the defendant's burden of proving the amount in controversy by a preponderance of the evidence.").  Without evidence about the estimation or valuation of the damages, this Court cannot make the appropriate findings.  The Court declines to engage in speculation or hazard a guess on the jurisdictional amount in controversy based on Plaintiff's general request for damages and injunctive relief.  The Court finds that Defendant has not met her burden, by a preponderance of the evidence, establishing that the amount in controversy based on the compensatory damages and injunctive relief sought exceeds the statutory threshold.

Plaintiff's demand for counsel fees in the Complaint does not carry the value of its claims across the jurisdictional threshold.  This is true even assuming Plaintiff can recover attorney's fees pursuant to the terms of the Agreement,[3] and so should be considered in calculating the amount in controversy.  As one Court in this District concluded, "[e]ven under the legal certainty test, 'a

---

[3] Under New Jersey law, attorney's fees are not recoverable absent express authorization by statute, court rule, or contract.  *See First Atlantic v. Perez*, 391 N.J. Super. 419, 425 (App. Div. 2007); *see also Innes v. Marzano-Lesnevich*, 224 N.J. 584, 592-93 (2016).

claim for an unspecified amount of attorney's fees does not necessarily satisfy the jurisdictional minimum.'" *See Sacchi v. ABC Financial Services, Inc.*, 2014 WL 4095009, at *6 (D.N.J. Aug. 18, 2014) (quoting *Zanger v. Bank of America, N.A.*, 2010 WL 3910142, at *4 (D.N.J. Oct. 1, 2010)). Where, as here, the value of Plaintiff's alleged losses and damages are general and unsubstantiated, and thus, at best, the bulk of the recovery would be attorney's fees, it is insufficient to demonstrate Plaintiff is entitled to over $75,000. *See id.* at *4 ("courts have routinely rejected the argument that a plaintiff could meet the amount in controversy by relying primarily on the award of attorney's fees, rather than compensatory damages.") (collecting cases). Accordingly, this Court finds that the amount in controversy does not exceed $75,000, even taking into consideration an award of attorney's fees.

The Court concludes by briefly addressing the parties' arguments regarding the effect, if any, Plaintiff's post-removal stipulation has on the amount of damages sought. In its brief, Plaintiff stipulates that only $70,000 is in dispute, and it explicitly waives any recovery of damages above that amount. (ECF No. 7 at 6). "Subsequent events cannot reduce the amount in controversy so as to deprive the court of jurisdiction." *Jager*, 2021 U.S. Dist. LEXIS 204324, at *7 (citation omitted). However, "the court may consider *after-acquired* evidence that the amount in controversy, as of the date of filing of the complaint, did not exceed $75,000." *Id.* (citing *In re Paulsboro Derailment Cases*, 704 Fed. App'x 78, 84 (3d Cir. 2017) (citation omitted)). "'If the complaint is ambiguous as to the damages asserted, the court may consider subsequent documentation.'" *Hernandez-Oquendo v. Hongo Xu*, 2013 U.S. Dist. LEXIS 64103, at *3 (D.N.J. May 3, 2013) (quoting *Lauchheimer v. Gulf Oil*, 6 F. Supp. 2d 339, 344 (D.N.J. 1998)). As the Third Circuit has made clear, "where a complaint is ambiguous as to the damages asserted and the controversy seems small, it is conceivable that a court justifiably might consider a subsequent

11

stipulation as clarifying rather than amending an original pleading. There is, after all, a distinction between explaining and amending a claim." *Angus v. Shiley*, 989 F.2d 142, 145 n. 3 (3d Cir. 1993).

Guided by these principles, the Court finds that, based on its review of Plaintiff's complaint, its demand for damages is ambiguous. In its brief, Plaintiff clarifies that it disclaims any demand for damages over $70,000, which is not inconsistent with its Complaint. (ECF No. 7 at 3; ECF No. 12 at 8). The Court finds Plaintiff's representations to be "after-acquired" evidence, which the Court may consider when determining the amount-in-controversy requirement. *See, e.g., DeJoseph v. Cont'l Airlines, Inc.*, 18 F. Supp. 3d 595, 599 (D.N.J. 2014) (finding Plaintiff's disclaimer of any demand for damages over the jurisdictional amount as new evidence properly considered on a motion to remand); *see also Collins v. Bob's Discount*, 2020 WL 6275210 (D.N.J. Sept. 23, 2020); *Rego v. Cont'l Airlines, Inc.*, 13-cv-1871 (MLC), at *2-4 (D.N.J. Feb. 28, 2014) (Op. & Order, ECF No. 32). The Court considers Plaintiff's representations as clarifying that it was never seeking more than $70,000 in damages in this action. *See DeJoseph*, 18 F. Supp. 3d at 599.

To be clear, even if this Court rejected Plaintiff's subsequent stipulation, the Court has already found that Defendant has not met her burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Keeping in mind that "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand,'" *Boyer*, 913 F.2d at 111 (citation omitted), the Court finds Defendant has not met her burden of establishing that this Court has subject matter jurisdiction based on diversity. The Court, therefore, recommends that this action be remanded.

12

### III. CONCLUSION

For the reasons stated above and for good cause shown, this Court respectfully recommends that this matter be **REMANDED** to the Superior Court of New Jersey, Chancery Division, Passaic County. The parties are advised that, pursuant to Federal Rule of Civil Procedure 72(b)(2), they have fourteen (14) days after receiving a copy of this Report and Recommendation to serve and file any specific written objections to the Honorable Michael E. Farbiarz, U.S.D.J.

**Dated: December 21, 2023**

s/ Jessica S. Allen
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

cc:   Hon. Michael E. Farbiarz, U.S.D.J.